# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-00361-JD |
| | ) | |
| ANGEL MIGUEL GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Defendant Angel Miguel Garcia, proceeding pro se, has filed a Notice of Removal ("Notice") attempting to remove Case Nos. CF-2021-4594 and CF-2023-839 from Oklahoma County District Court.[1] [Doc. No. 1]. The Court judicially notices that in CF-2021-4594, Garcia is facing criminal prosecution for possession of a firearm in violation of 21 Okla. Stat. §§ 1272–1289.28.[2] In CF-2023-839, Garcia faces criminal prosecution

---

[1] Garcia's Notice lists CF-2023-834 as one of the actions he seeks to remove. Notice at 1. But the Court takes judicial notice of the fact that Garcia is a defendant in only two criminal felony cases in Oklahoma County: CF-2021-4594 and CF-2023-839. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[2] *See* https://www.oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma& number=CF-2021-4594&cmid=4020520 (last accessed Mar. 30, 2025) (state court docket).

for embezzlement in excess of $1,000 in violation of 21 Okla. Stat. §§ 1451–1463.[3] For the reasons discussed below, the Court summarily REMANDS this action to the state court.

A defendant in a state criminal prosecution seeking to remove the action to federal court must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1455(a). Such notice "shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," unless the defendant shows "good cause" warranting "leave to file the notice at a later time." *Id.* § 1455(b)(1). Here, Defendant was arraigned on August 9, 2023, in CF-2021-4594 and on October 4, 2023, in CF-2023-839. Thus, his Notice is untimely. Garcia also has not filed a copy of all process, pleadings, and orders served upon him in the state actions. Nor has he offered any basis on which the Court could conclude that there is good cause for modifying the statutory deadline for filing a notice of removal. For these reasons, summary remand is required. *See id.* § 1455(b)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand.") (emphasis added).

---

[3] The Court takes judicial notice of the state court docket in Oklahoma County. *See* https://oscn.net/dockets/GetCaseInformation.aspx?db=oklahoma&number=CF-2023-839&cmid=4167305 (last accessed Mar. 30, 2025).

Additionally and alternatively, the Court must remand this action because Garcia has not established a basis for federal jurisdiction. "Three federal statutes give federal district courts jurisdiction over state criminal proceedings—28 U.S.C. § 1442, § 1442a, and § 1443." *Kansas v. Walters*, No. 22-CV-01039-EFM-KGG, 2022 WL 2315524, at *1 (D. Kan. June 28, 2022). Garcia has not alleged that he is a federal officer, that he is authorized to work with or for a federal officer, or that he is a member of the armed forces of the United States. He also has not alleged that he is "[a] property holder whose title is derived from any such officer." 28 U.S.C. § 1442(a)(2). Therefore, he is not entitled to removal under 28 U.S.C. §§ 1442, 1442a, or 1443(2). *See City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966) ("[T]he second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights."). Further, Garcia does not allege that the State of Oklahoma denied him a right that "arises under a federal law 'providing for specific civil rights stated in terms of racial equality,'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citation omitted), so 28 U.S.C. § 1443(1) does not confer jurisdiction to this Court. Accordingly, summary remand is required because Garcia has failed to establish that the Court has jurisdiction over this state criminal prosecution. *See* 28 U.S.C. § 1455(b)(4).

IT IS THEREFORE ORDERED that this action is REMANDED to the District Court of Oklahoma County, Oklahoma. Defendant's pending motion to proceed in forma pauperis [Doc. No. 2] is DENIED as moot.

IT IS SO ORDERED this 31st day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE